UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GERALD GOODALE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil No. 09-130-B-W |
| | ) |
| STATE OF MAINE, | ) |
| | ) |
| Respondent | ) |

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

Gerald Goodale has filed his second 28 U.S.C. § 2254 petition challenging his 1989 seventy-five-year murder sentence. I recommend that it be summarily dismissed pursuant to Rule Governing Section 2254 Proceedings 4 because it is his second 28 U.S.C.§ 2254 petition and he does not meet the 28 U.S.C. § 2244(b)(2) criteria for filing a second or successive § 2254 petition.

*Discussion*

Section 2244(b)(2) of title 28 provides:

**(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
  **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
  **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
     **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244 (b)(2). Furthermore: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of

appeals for an order authorizing the district court to consider the application." Id. § 2244(b)(3)(A). Goodale has not procured this authorization.

I add the following. In this § 2254 petition Goodale indicates that he pursued a direct appeal resulting in an affirmance on February 22, 1990. He filed his first state post-conviction petition in June or July of 1993, that was rejected on September 10, 1996. Just shy of ten years later, on June 22, 2006, he filed a second petition for state post-conviction review.

But this is not Goodale's first attempt to attack his sentence in this court. On December 28, 1999, Magistrate Judge Cohen issued a recommended decision on Goodale's first 28 U.S.C. § 2254 petition. Goodale v. Warden, Civ. No. 99-158-P-C, 1999 WL 33117084, 3 -4 (D. Me. Dec. 28, 1999) (aff'd, Feb. 1, 2000, Order, Docket No.10, Civ. No. 99-158-P-C).

Goodale has submitted the order from the Maine Superior Court summarily dismissing his 1996 state petition for post-conviction review which he filed on June 28, 2006. (Doc. No. 1-12.) That petition relied on Maine v. Schofield, 2005 ME 82, 895 A.2d 927. Schofield addressed the implications of the United States Supreme Court's Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296, 303 (2004), and United States v. Booker, 543 U.S. 220 (2005) line of cases on a sentence that exceeded twenty years, imposed after a 17-A M.R.S. § 203 manslaughter conviction.

In its order summarily dismissing Goodale's 2006 petition, the Superior Court concluded that Goodale's petition for post-conviction review was untimely. It figured that the state post-conviction statute of limitation ran on February 22, 1990.[1] It also noted that under the statute of

---

[1] I recognize that Goodale indicates that he filed a first state post-conviction petition following the denial of his direct appeal, a proceeding of which the Superior Court does not seem to consider in its calculations. See Goodale v. Warden, Civ. No. 99-158-P-C, 1999 WL 33117084, 3 -4 (D. Me. 1999). However, given the stretch of time involved here, there is no doubt that the Superior Court's conclusion of untimeliness would have been the same even factoring in a first post-conviction petition and its February 2000 resolution in the federal courts.

limitations for state post-conviction petitions Goodale could not rely on 15 M.R.S. § 2128(5)(B) permitting the filing of post-conviction petitions one year from the "date on which the constitutional right, state or federal, asserted was initially recognized by the Law Court or the Supreme Court of the United States, if the right has been newly recognized by that highest court and made retroactively applicable to cases on collateral review." (See Doc. 1-12 at 2-4.) The Superior Court justice concluded that Schofield did not create a new constitutional right and did not apply retroactively, (id.) anticipating the holding of Carmichael v. State, 2007 ME 86, 42, 927 A.2d 1172, 1181-182. According to Goodale's petition the Maine Law Court denied a certificate of probable cause in December 2008.[2]

With respect to the timeliness of his 28 U.S.C. § 2254 petition, Goodale represents that he was unaware that his rights were violated until the announcement of the Schofield case. Apropos 28 U. S.C. § 2244(b)(2)(A), by the terms of the statute only United States Supreme Court precedent is operative in that provision and only the United States Supreme Court can make a case retroactive to federal habeas petitions. See Tyler v. Cain, 533 U.S. 656 (2001).

---

[2] Goodale's is the third similarly framed (although somewhat differently postured) 28 U.S.C. § 2254 petition to be filed with this court this month. Goodale has not attached a copy of the Maine Law Court's order vis-à-vis his 2006 post-conviction petition. In Coombs v. State of Maine the situation was summarized:
> The Law Court had stayed the proceeding pending the final disposition by the United States Supreme Court of a petition for writ in Libby v. Maine, 2007 ME 80, 926 A.2d 724, cert. denied, 128 S.Ct. 1121 ( Jan 22, 2008). In that case the Maine Law Court summarized:
>> Libby argues that the trial court failed to apply the holdings of Apprendi and Schofield, which recognize the existence of a Sixth Amendment right to have a jury determine, beyond a reasonable doubt, any fact that increases the penalty for a crime beyond the prescribed statutory maximum. We conclude that the holdings of Apprendi and Schofield do not apply to the current murder sentencing statutes and therefore affirm the judgment of the trial court dismissing his petition.
> 2007 ME 80, ¶ 1, 926 A.2d at 724 -25 (footnote omitted). See also Higgins v. Maine, Civil No. 07-06-B-W, 2008 WL 5191736, 6 (D.Me. Dec. 9, 2008) (recommended decision), aff'd, 2008 WL 5412299 (D.Me. Dec 24, 2008). With Libby resolved, the Maine Law Court thus endorsed the Superior Court's determination that the petition was untimely.

Mar. 31, 2009, Order at 3, Civ. No. 09-120-B-W (D. Me. 2009) (recommended decision); see also Apr. 2, 2009, Order at 3, Craney v. State of Maine, 09-123-B-W (D. Me. 2009) (recommended decision). It would not surprise me if Goodale's Law Court December 2008 order was similar to those entered in Coombs and Craney, but it does not matter with regards to the grounds for this recommendation.

Even if Goodale had relied directly on Apprendi, Blakely, and Booker in arguing the timeliness of his 28 U.S.C. § 2254 petition these cases have not been made retroactive to cases on collateral review by the United States Supreme Court.  See  cf. Newbury v. Maine, Civil No. 08-299-B-W, 2008 WL 4330304, 1 -2 & n.2 (D.Me. Sept. 17, 2008) (recommended decision), aff'd, 2008 WL 4530907 (D. Me. Oct. 6, 2008).

*Conclusion*

For the reasons outlined above I recommend that the Court summarily dismiss this 28 U.S.C. § 2254 petition pursuant to Rule Governing Section 2254 Proceedings 4 because he has not procured the requisite authorization from the First Circuit Court of Appeals to proceed with a second 28 U.S.C. § 2254 petition and he is not relying on a case or cases made retroactive by the United States Supreme Court.  I further recommend that a certificate of appealability should not issue in the event Goodale files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

April 6, 2009